# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **10-05756-dd**

## ORDER GRANTING MOTION TO EXTEND STAY

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/13/2010**



/s/ David R. Duncan

David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 09/14/2010

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-05756-DD |
| Anthony Bernard King, | Chapter 13 |
| Debtor. | **ORDER** |

This matter is before the Court on Anthony Bernard King's ("Debtor") Motion to Extend Stay ("Motion") pursuant to 11 U.S.C. §362(c)(3)(B).[1] The Motion and Notice of Hearing on the Motion were served on all creditors. University Motor Company ("Creditor"), a secured creditor of Debtor, filed an objection to the Motion. Debtor's Motion was taken under advisement, and the stay was temporarily extended by entry of a short order.

Section 362(c)(3)(A) of the Bankruptcy Code states:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section—   (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) --
    (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

This subsection automatically terminates the § 362(a) stay on the thirtieth (30th) day after the filing of a petition if the debtor (1) had a previous case under chapters 7,11, or 13, (2) pending within the preceding 1-year period, and (3) the case was dismissed.[2] If a party wishes to extend the stay beyond 30 days, the statute authorizes such an extension when the conditions of § 362(c)(3)(B) are met. It states,

---

[1] Hereinafter internal references to the Bankruptcy Code (11 U.S.C. § 101 et. seq.) shall be made by section number only.

[2] Dismissal of the case is the relative measuring event and not the date the case is administratively closed. See In re Franklin, C/A No. 06-01730-HB, slip op. (Bankr. D.S.C. June 12, 2006). See also In re Moore, 337 B.R. 79 (E.D.N.C. 2005).

> …on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.

11 U.S.C. § 362(c)(3)(B).

This section imposes four requirements for an extension of the stay: (1) a motion is filed by a party in interest (2) with notice and a hearing; (3) the hearing is completed before the expiration of the 30-day period; and (4) the debtor proves that the filing of the new case "is in good faith as to the creditors to be stayed." *In re Ball,* 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006) (quoting *In re Collins*, 335 B.R. 646, 650–51 (Bankr. S.D. Tex. 2005)).

One of the first issues the court faces in determining whether to grant an extension of the automatic stay is the standard of proof to be applied. If a Debtor's case falls within the situations described in § 362(c)(3)(C), a presumption of bad faith arises, and the extension of the stay is limited to those instances in which the Movant rebuts the presumption by clear and convincing evidence. 11 U.S.C. § 362(c)(3)(C). If no presumption pursuant to § 362(c)(3)(C) applies, then the standard of proof is the lesser standard of a preponderance of the evidence. *See In re Ball*, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006) ("If the presumption does not arise, then the moving party must carry its burden under Section 363(b)(3)(B) by a preponderance of the evidence.") (citing *In re Galanis,* 334 B.R. 685, 691 (Bankr. D. Utah 2005)). *See also In re Mark*, 336 B.R. 260, 265 n.4 (Bankr. D. Md. 2006) ("If no presumption arises against good faith, the moving party still carries the burden to demonstrate good faith. However, the language of the statute appears to suggest a lower threshold of evidence as the moving party would not have to overcome the burden of the bad faith presumption by 'clear and convincing evidence'.").

A presumption of bad faith under § 362(c)(3)(C)(i) can arise as to all creditors in one of three ways set forth in the statute. Under § 362(c)(3)(C)(i)(II)(cc), the relevant provision here, the presumption of bad faith "arises as to all creditors if a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to . . . perform the terms of a plan confirmed by the court." 11 U.S.C. § 362(c)(3)(C)(i)(II)(cc).

## Finding of Facts

Mr. King was a debtor in a previous chapter 13 case, C/A No. 09-00660-DD, which was dismissed for failure to make plan payments on June 7, 2010. As a result, Mr. King's current case falls under section 362(c)(3). Mr. King's present case was filed August 11, 2010 by his fiancée, pursuant to a general power of attorney executed July 19, 2010. Therefore, pursuant to section 362(c)(3)(A), the automatic stay provided by section 362(a) would have expired on September 10, 2010. I previously extended the stay until entry of this Order.

## Conclusions of Law

**I. Authority of Debtor's fiancée to file Debtor's bankruptcy case**

Local Rule 9010-2 provides:

When a petition is signed pursuant to a power of attorney the following is required:
  (a) The power of attorney must be: (a) a general power of attorney authorizing the attorney-in-fact to take any action which the principal could take; or (b) a special power of attorney authorizing the attorney-in-fact to file the petition;
  (b) The power of attorney must be in writing, signed by the principal, and properly executed; and
  (c) A copy of the power of attorney must accompany the petition.

SC LBR 9010-2.

Debtor, a member of the National Guard, was called into active duty in October 2009.

Debtor's bankruptcy payments in the previous case were being made pursuant to a wage order with his employer, but when he was called into active duty, because he was no longer working for his employer, the payments stopped. Debtor's fiancée was unable to take steps to ensure payments were made because she did not have a power of attorney at that time. On July 19, 2010, Debtor executed a general power of attorney listing his fiancée as his attorney-in-fact. The general power of attorney gives Debtor's fiancée extremely broad powers to act on Debtor's behalf, including the power to "commence any actions or proceedings for the recovery of any real or personal property or for any other purpose . . . to prosecute, maintain, . . . all actions, proceedings . . . that now or hereafter may exist, as my attorney-in-fact may deem appropriate," the power to "do all acts necessary to maintain my customary standard of living and that of my family and other persons customarily supported by me . . .," the power to "join or become a party to, or to oppose, any reorganization, readjustment, recapitalization, foreclosure, merger . . .," and the power to "do, execute, perform and finish for me and in my name all things which my attorney-in fact shall deem necessary or appropriate in and about or concerning my property or any part thereof."

Debtor's fiancée testified, without objection, that Debtor orally instructed her to file the current bankruptcy case on his behalf, as he is currently deployed in Afghanistan and could not do so himself. The general power of attorney, in several of its provisions, clearly gives Debtor's fiancée the right to commence legal proceedings on the Debtor's behalf. While the filing of a bankruptcy petition is not specifically mentioned, based on the general power of attorney executed by Debtor and the testimony of Debtor's fiancée, the Court finds that the power of attorney executed by Debtor complies with Local Rule 9010-2 and therefore Debtor's fiancée had the authority to file the current Chapter 13 case on Debtor's behalf.

## II. Servicemembers' Civil Relief Act

The Servicemembers Civil Relief Act ("Act"), enacted in 2003, states that its purpose is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of service members during their military service." 50 App. U.S.C.A. § 502 (2003). The Act applies to any judicial proceeding commenced in any court in the United States. 50 App. U.S.C.A. § 512. The Act also provides protection outside the legal arena, for example, the right to a reduction in interest rates. *See* 50 App. U.S.C.A. § 527. Due to the Act's relatively recent enactment and its complexity, few decisions have provided guidance in interpreting the Act. However, courts have stated that due to the importance of the protections provided in the Act, the Act's provisions should be liberally construed. Am. Jur. Military § 329.

Section 517(a) of the Act, a relevant provision here, states that a servicemember can waive the protections given by the Act. 50 App. U.S.C.A. § 517(a). For particular actions set forth in Section 517(b), the waiver must be in writing and "executed as an instrument separate from the obligation or liability to which it applies." *Id.* The particular actions to which these requirements apply include "the repossession, retention, foreclosure, sale, forfeiture, or taking possession of property that – (A) is security for any obligation; or (B) was purchased or received under a contract, lease, or bailment." *Id.*

Debtor purchased his vehicle from Creditor in February 2008, prior to being called into active duty. Debtor provided Creditor with a copy of his military identification card as a part of the loan application process. While Debtor was deployed on active duty, Creditor repossessed Debtor's vehicle. Section 517 of the Act states that a written waiver is required before property that secures a debt of a covered servicemember can be repossessed. *Id.* Creditor had no such

waiver when it repossessed Debtor's vehicle during Debtor's deployment. While the record and argument concerning the Act were not fully developed, by repossessing Debtor's vehicle, Creditor may have violated the Servicemembers' Civil Relief Act.

An often-cited equitable maxim states, "Whoever comes into equity must come with clean hands." Am. Jur. Equity § 98. This maxim illustrates the principle that the court will not grant relief to a party who has engaged in wrongful, illegal, or unethical acts. *Id.* While the doctrine of unclean hands is generally used as a defense to prevent the wrongdoer plaintiff from obtaining affirmative relief, the maxim quoted above is appropriate here. Creditor may have violated a provision of an act intended to protect servicemembers who are away from home defending their country and refused to remedy its violation. In fact, Creditor now argues that it is entitled to benefit from its wrongdoing. The Court finds that Creditor should not be heard to challenge Debtor's good faith when its own conduct is in question.

**III. Debtor's good faith in filing the current case**

Pursuant to § 362(c)(3)(C)(i)(II)(cc), a presumption that Debtor did not file his present bankruptcy case in good faith exists because Debtor's previous case was dismissed for a failure to perform the terms of the plan confirmed by the Court. The burden is therefore on Debtor to demonstrate that his current case was filed in good faith by clear and convincing evidence. 11 U.S.C. §362(c)(3)(C).

Debtor's fiancée testified that while she has a vehicle, her vehicle has mechanical problems which prevent her from using it on a daily basis. She further testified that she is a teacher and has a two year old son with Debtor and that she needs the car to get to and from work and to take her son to day care. Creditor argues that Debtor does not need this vehicle

while he is away on active duty. However, this argument fails to recognize this deployed soldier's desire and duty to provide for his dependent child.

Debtor's current plan proposes to pay unsecured creditors in full. Debtor proposes to surrender his residence to Countrywide Home Loans, who holds a mortgage on the home. Additionally, Debtor's plan provides with respect to Creditor's collateral that Creditor will be paid its entire principal with interest over 60 months. Debtor's present income from military service is sufficient to meet his plan payment obligation. Debtor's fiancée testified that upon his return from Afghanistan, Debtor will be returning to his previous job at his previous income and will be able to continue making the plan payments.

Given the totality of the circumstances in this case, the Court finds that Debtor filed this case in good faith.[3] For the reasons stated above, the Court holds that the automatic stay is extended as to all creditors except Countrywide Home Loans, pursuant to § 362(c)(3)(B). As a condition of extending the stay, it is ordered that should this case be dismissed for any reason within two years, dismissal shall be with prejudice for a period of one year as to any subsequent filing by Debtor under any Chapter of the Bankruptcy Code.

**AND IT IS SO ORDERED.**

---

[3] The Court's findings are limited to the context of the Motion and nothing in this Order shall be construed as *res judicata* to prevent Debtor, the trustee, or a party in interest from challenging or establishing that this case or a plan was filed or proposed in good faith for purposes of § 1307 or § 1325. See In re Charles, 332 B.R. 538, 542 (Bankr. S.D. Tex. 2005) (holding that Congress, by enacting § 362(c)(3), intended the Courts to conduct an early triage of a case and determine whether a case is doomed to fail or whether a case has a reasonable likelihood of success).